# Coleman *v.* Patton, Appellant.

*Automobiles —Negligence —Collision—Uncontroverted physical facts—Charge of court—Point—Phrasing.*

In cross suits between the owners of an automobile and a motor truck for damages to each, sustained in a collision at a street intersection, it appeared that the automobile had about cleared the street intersection when the truck struck it, driving it over the curb and against a telephone pole with such force as to crack the pole and break both front wheels of the car. It was also in evidence that the driver of the automobile reached the street first, that he had the right of way and that the driver of the truck gave no signal that he was about to turn.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Where the uncontroverted physical facts show that the witness's account cannot possibly be true the appellate court will reverse, but it must be a very clear case which will allow a court to decide from the course an automobile took after a collision what acts of the parties immediately preceded it.

The trial court is justified in affirming points introduced by the word "if" where there was testimony which, if believed, would support the points.

Argued October 28, 1924. Appeals, Nos. 201 and 202, Oct. T., 1923, by G. A. Patton, appellant, from the judgment of C. P. Blair Co., March T., 1923, Nos. 395 and 417, in the cases of G. A. Patton v. T. E. Coleman and T. E. Coleman v. G. A. Patton. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for damages for injuries sustained in collision between automobiles. Before SEARLE, P. J. 22d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Coleman in both cases. Patton appealed.

*Errors assigned* were the charge of the court and refusal to enter judgment in favor of Patton.

*S. B. Hare,* and with him *Thomas H. Greevy,* for appellant, cited: Lessig v. Reading Transit & Light Co., 270 Pa. 299; Fuher v. Westmoreland Coal Co., 272 Pa. 14; Horen et al. v. Director General, 274 Pa. 244.

*H. A. Davis,* and with him *John J. Haberstroh,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

These were cross actions. The facts as produced by the appellee are as follows: he, Coleman, was driving a five-passenger automobile going westwardly on Chestnut Avenue toward Altoona and was approaching Fourth Street and had just about cleared it when Patton's truck coming from Altoona turned to its left, the driver apparently purposing to enter Fourth Street, and in turning the corner it struck Coleman's car, drove it over the curb against a telephone pole with such force as to crack the pole, to break both front wheels of the car and to inflict other damage. Patton's truck after the collision turned, crossed Chestnut Avenue, and went through the fence of the Pennsylvania Railroad property on the south side of Chestnut Avenue. There was evidence that Coleman got to the street first, that he had the right of way and that the driver of Patton's truck gave no signal that he was going to turn up Fourth Street.

There are a number of assignments of error but the point emphasized in appellant's argument is that the physical facts are such as inherently show that Coleman's story cannot be correct. He states that the direction in which the auto was propelled against this pole, which was about nine feet west from the curb on Fourth Street and the violence with which it struck the pole, coupled with the fact that the truck turned around and went into a fence on the opposite side of the street, can

only consistently be applied to the theory that the Coleman ·car was going at a terrific rate, that it struck the truck causing it to turn about, and after striking it the car veered and struck the telegraph pole. The courts have held that where the uncontroverted physical facts show that the witnesses' account cannot possibly be true that the appellate court will reverse, but we are not convinced that this is a case for the application of any such rule. It must indeed be a very clear case that will allow a court to decide by the course the automobiles took after the collision what acts of the parties immediately preceded it. The learned trial judge in considering this part of the case on a motion for a new trial properly states that "no one can tell how trucks or automobiles will act in time of trouble." No member of this court has come to the conclusion that the action of the truck and the car was such as to render impossible Coleman's story, that the truck turned and struck him as he was leaving the west line of Fourth Street. Going around the corner into Fourth Street, the truck must have been describing a curve at the time of the collision and its future direction, if uncontrolled, would naturally be erratic and where it might land no one could tell. A heavy truck hitting a five-seated passenger car, if a glancing blow were delivered, might send it in an oblique direction. The whole thing is a matter of speculation and we cannot decide as a matter of law that necessarily the driver of the automobile must be found to have been the one responsible for the collision or negligently contributed to it by reason of the results following it.

The other assignments we are led to dismiss without much comment. There were submitted several points which were introduced by the word "if." The court was right in affirming them. There was no assumption on the part of the court that the evidence as stated in the points was correct, but it was merely a declaration on the part of the court that if the jury found them to be correct then they should find as indicated. In each instance

there was testimony, which if believed, supported the
point.  One point refers to the right of way.  The court
was right in holding that Coleman had the right of way
when he approached Fourth Street because Patton's
truck which was coming in the opposite direction, was to
his left.  The point was couched in language which ad-
mitted that if Patton's truck was first at the intersection
Coleman would not have the right of way.  The point
that Coleman was not called upon or required to antici-
pate any sudden turn to the left on the part of Patton's
driver was also correct.  The assignment that the charge
of the court was inadequate we find to be without merit.
The learned counsel for Patton claims that because the
court did not call particular attention to the fact that the
truck turned around and landed through the fence on
the other side of the road that was an omission which was
error.  The court's attention was called to the fact and
the court then instructed the jury to "consider all the
evidence, also the photographs and all the testimony
and any conclusion which might be derived from that
evidence."  Since the attorney made mention of it and
the court made this comment, we think this was sufficient
reference to the testimony and even if reference to it
had been entirely omitted, we would not say that the
omission was error.

All the assignments of error are overruled.  No. 201,
October Term, 1923, G. A. Patton, Appellant, v. T. E.
Coleman, judgment is affirmed.  No. 202, October Term,
1923, T. E. Coleman v. G. A. Patton, Appellant, judg-
ment is affirmed.